USCA1 Opinion

 

 April 26, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1649 GEM REALTY TRUST, Plaintiff, Appellant, v. FIRST NATIONAL BANK OF BOSTON, ET AL., Defendants, Appellees.  ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Shane Devine, Senior U.S. District Judge] __________________________  ____________________ Before Torruella, Chief Judge, ___________ Cyr and Boudin, Circuit Judges. ______________  ____________________ James H. Gambrill, with whom Engel, Gearreald and Gardner, P.A. _________________ ___________________________________ was on brief for appellant. Bruce W. Felmly, with whom Byrne J. Decker and McLane, Graf, ________________ ________________ _____________ Raulerson & Middleton, P.A. were on brief for appellees. ___________________________  ____________________  ____________________ Per Curiam. GEM Realty Trust appeals from a district Per Curiam. __________ court judgment based on a jury verdict dismissing its challenge to a mortgage foreclosure sale conducted by First National Bank of Boston against certain New Hampshire real property owned by GEM. On appeal, GEM presses various objections to the district court's jury instructions and evidentiary rul- ings. Following full briefing and oral argument, we affirm the district court judgment and comment briefly on but two claims raised by GEM on appeal.  A careful review of the record and the controlling New Hampshire precedent persuades us that the district court fairly and accurately conveyed the governing principles of New Hampshire law in its instructions to the jury. See Davet v. Maccarone, 973 _____ _________ F.2d 22, 26 (1st Cir. 1992), for our standard of review, and Murphy v. Financial Dev. Corp., 495 A.2d 1245 (N.H. 1985), for ______ ____________________ the applicable law. And the district court did not abuse its discretion, Bates v. Shearson Lehman Bros., 42 F.3d 79, 83 (1st _____ ______________________ Cir. 1994), either by excluding the marginally probative and potentially confusing evidence relating to the first forbearance agreement between the parties, see Fed. R. Evid. 401-03, or by ___ sustaining the Bank's hearsay objection, see Fed. R. Evid. 801, ___ to the Katsaros real estate appraisal as plainly cumulative in light of other appraisals before the jury, see id. 403.  ___ ___ Accordingly, the district court judgment is affirmed.  _______________________________________ 2